ROCHESTER ATLAS WRECKING COMPANY, INC., Respondent, v E. J. DEL MONTE CORP., Appellant, et al., Defendant.—Order unanimously affirmed, with costs. Memorandum: Defendant appeals from an order striking its first, second, third and fourth affirmative defenses and dismissing its first and second counterclaims. Plaintiff's action is for a breach of a written contract and lease agreement made with defendant's predecessor in title under which plaintiff was to conduct a landfill operation on defendant's property. The first affirmative defense of illegality was properly stricken. Defendant does not contend that the contract was illegal but rather that plaintiff did not obtain proper approval from the county. The contract made it incumbent upon defendant's predecessor in title to obtain the required approval and it appears conclusively from the record that such approval was obtained. The second affirmative defense alleging that plaintiff conducted filling without a permit on lands adjoining defendant's property was properly dismissed as legally insufficient and as irrelevant to any issue raised in the complaint. Any further allegations contained in the second affirmative defense may be proven, if material, under a general denial. The court properly struck the third affirmative defense of the Statute of Frauds inasmuch as plaintiff's action is based on a written agreement. The fourth affirmative defense pleading the Statute of Limitations is without merit.

Plaintiff's action for breach of contract was timely commenced (CPLR 213, subd 2). Defendant's first and second counterclaims, asserted for the first time on December 9, 1975, contain causes of action in trespass and negligence based on occurrences in 1969. The counterclaims were not timely (CPLR 214, subd 4) and were properly dismissed. (Appeal from order of Monroe Supreme Court—dismiss defenses and counterclaims.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.